UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>UPSTATE CRAFT BEER, LLC,<br><br>DEBTOR. | Case No. 24-03945-hb<br>CHAPTER 7<br><br>OBJECTION TO MOTION FOR RELIEF FROM STAY |

400 Augusta Street Investors, LLC ("Landlord") hereby objects to United Bank's Motion for Relief from the Automatic Stay, filed on January 6, 2025 (the "Motion").

Landlord leased approximately 3,190 square feet on the first floor of the building located at 400 Augusta Street, Greenville, South Carolina 29601, referred to as Suite 140 (the "Premises"), to Upstate Craft Beer, LLC ("Debtor"). A true and accurate copy (with limited redactions) of the lease agreement, effective March 13, 2015, as amended by the first lease amendment agreement dated July 1, 2015, and a second lease amendment dated May 1, 2018 ("Lease Agreement") is attached and incorporated as **Exhibit 1**.

Debtor defaulted under the terms of the Lease Agreement for, among other things, failing to pay rent, and an Application for Ejectment was filed in the Gantt Summary Court in Greenville County on October 7, 2024 (the "Application"). A copy of the Application is attached and incorporated as **Exhibit 2**. Because Debtor failed to vacate the premises or respond to the Application within ten (10) days, a Writ of Ejectment was issued—prior to Debtor's Bankruptcy Petition—and was posted on the Premises on November 4, 2024. A photograph of the Writ of

Ejectment posted on the Premises on November 4, 2024 is attached and incorporated as **Exhibit 3**.

Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on November 1, 2024 (the "Petition Date"). As of the Petition Date, the amount due and owing to Landlord under remaining term of the Lease Agreement exceeds $100,000.00

John K. Fort was duly appointed as the Chapter 7 Trustee and the first Meeting of Creditors took place on December 10, 2024. There, the Trustee confirmed on the record that he abandoned all of the Debtor's interest in the Lease Agreement, as well as any interest in the property remaining on the Premises (the "Property"). Accordingly, United Bank's Motion is unnecessary, as the Property should no longer be subject to the stay, given the Trustee's above-referenced abandonment of the debtor's interest in the Property.

Because of this abandonment, claims to the Property are subject to South Carolina law, and Landlord objects to the Motion on the grounds that United Bank's claim to the Property is subordinate to Landlord's rights and claims to the Property, pursuant to SC Code § 36-9-334(d), which provides that:

> [a] perfected security interest in fixtures has priority over a conflicting interest of an encumbrancer or owner of the real property **if** the debtor has an interest of record in or is in possession of the real property **and**:
>
> (1) the security interest is a purchase-money security interest;
>
> (2) the interest of the encumbrancer or owner arises before the goods become fixtures; **and**
>
> (3) **the security interest is perfected by a fixture filing before the goods become fixtures or within twenty days thereafter**.

*Id*. (Emphasis added). Any fixtures comprising the Property were in use by the Debtor in Debtor's operation of a full-service brewery by 2015—and therefore **had become fixtures**—years

2

before November 16, 2023, which is the date when "Lien Solutions" filed a UCC Financing Statement on behalf of United Bank purporting to encumber the Property. Therefore, United Bank's security interest is not properly perfected and does not take priority over the conflicting interest of Landlord.

Additionally, Landlord is entitled to reasonable compensation for the storage of the Property. South Carolina law does not permit a secured creditor (or anyone else) to store personal property on the premises without compensation of the Landlord absent a written agreement to the contrary. Notwithstanding United Bank's failure to properly perfect its security interest in the Property, pursuant to SC Code Section 27-35-40, United Bank would be considered to be a tenant at will, requiring reasonable compensation to be paid to Landlord for United Bank's use of the Premises. The fair market value for use of the Premises following the Petition Date, would be $5,070.77 per month, as evidenced by the rent rate set forth in the Lease Agreement. Thus, Landlord should also be entitled to reasonable compensation for storing the Property after the Petition Date.

Accordingly, Landlord respectfully requests an Order stating that any claims to the Property are subject to South Carolina law, as the Trustee previously abandoned the Debtor's claim to the leasehold interest in the Premises and any Property remaining therein, and stating that United Bank failed to properly perfect its security interest in the Property and therefore United Bank's claim to the Property is subordinate to Landlord's claim to the same.

                                        Respectfully submitted

                                        GALLIVAN, WHITE & BOYD, P.A.

By:    *s/*Carter R. Massingill
        Carter R. Massingill (Fed ID No. 12131)

3

January 21, 2025

55 Beattie Place, Suite 1200
Post Office Box 10589
Greenville, South Carolina 29201
(864) 271-9580
cmassingill@gwblawfirm.com

*Attorneys for 400 Augusta Street Investors, LLC*